UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID BURNS,<br><br>    Petitioner,<br>v.<br>RUSSELL, et al.,<br><br>    Respondents. | Case No. 3:22-cv-00129-LRH-CLB<br><br>ORDER |

David Burns has submitted a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (ECF Nos. 1-3, 1-4, 1-5, 1-6). His application to proceed *in forma pauperis* (ECF No. 1) is granted. The court has reviewed the petition pursuant to Habeas Rule 4 and directs that it be docketed and served on respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Petitioner has also submitted a motion for appointment of counsel (ECF No. 1-2). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023

1

(1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). Here, Burns was convicted by a jury of first-degree murder and sentenced to life without the possibility of parole. The legal issues he seeks to raise appear to be complex and perhaps novel.[1] In order to ensure due process, the court grants Burns' motion for counsel.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court detach, file, and electronically serve the petition (ECF Nos. 1-3, 1-4, 1-5, 1-6) on the respondents.

**IT IS FURTHER ORDERED** that the Clerk add Aaron D. Ford, Nevada Attorney General, as counsel for respondents and provide respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

**IT IS FURTHER ORDERED** that the Clerk detach and file petitioner's motion for appointment of counsel (ECF No. 1-2).

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk detach and file petitioner's motion for extension of time re financial certificate (ECF No. 1-1).

**IT IS FURTHER ORDERED** that petitioner's motion for extension of time re financial certificate is **DENIED** as moot.

---

[1] The court notes that the Nevada Supreme Court concluded that Burns' counsel had been ineffective in failing to file a direct appeal and that the court's subsequent adjudication of that appeal resulted in a rather lengthy published opinion. *See* Case Nos. 77424, 80834.

**IT IS FURTHER ORDERED** that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent petitioner.

**IT IS FURTHER ORDERED** that the Clerk **ELECTRONICALLY SERVE** the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF Nos. 1-3, 1-4, 1-5, 1-6).  The FPD has 30 days from the date of entry of this order to file a notice of appearance or to indicate to the court its inability to represent petitioner in these proceedings.

**IT IS FURTHER ORDERED** that after counsel has appeared for petitioner in this case, the court will issue a scheduling order, which will, among other things, set a deadline for the filing of an amended petition.

DATED: 31 March 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE